**In the United States District Court
for the District of Kansas**

———————

Case No. 23-cv-02148-TC-GEB

———————

KENNETH E. EDWARDS, II,
TAALIBA Y. EDWARDS,

*Plaintiffs*

v.

BETTY A. KLINEDINST,

*Defendant*

———————

**MEMORANDUM AND ORDER**

The Edwardses sue Betty A. Klinedinst for claims under the Fair Housing Act, 42 U.S.C. § 3602 *et seq.*, and 42 U.S.C. § 1981. Klinedinst has filed a motion for summary judgment on res judicata grounds. Doc. 8. For the following reasons, that motion is denied.

**I**

**A**

Summary judgment is proper under the Federal Rules of Civil Procedure when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" when it is essential to the claim's resolution. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). And disputes over material facts are "genuine" if the competing evidence would permit a reasonable jury to decide the issue in either party's favor. *Id.* Disputes—even hotly contested ones—over facts that are not essential to the claims are irrelevant. *Brown v. Perez*, 835 F.3d 1223, 1233 (10th Cir. 2016). Indeed, belaboring such disputes undermines the efficiency Rule 56 seeks to promote. *Adler*, 144 F.3d at 670.

1

At the summary judgment stage, material facts "must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671; *see also* D. Kan. R. 56.1(d). To determine whether a genuine issue of fact exists, the Court views all evidence, and draws all reasonable inferences, in the light most favorable to the nonmoving party. *See Allen v. Muskogee, Okl.*, 119 F.3d 837, 839–40 (10th Cir. 1997). That said, the nonmoving party cannot create a genuine factual dispute by making allegations that are purely conclusory, *Adler*, 144 F.3d at 671–72, 674, or unsupported by the record, *see Scott v. Harris*, 550 U.S. 372, 378–81 (2007).

The moving party bears the initial burden of showing the absence of any genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hicks v. City of Watonga, Okl.*, 942 F.2d 737, 743 (10th Cir. 1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial as to dispositive matters. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

**B**

Klinedinst leased residential property at 408 Olive St., Lansing, Kansas to the Edwardses. Doc. 13 at ¶ II.1.[1] This federal action is the second suit concerning that arrangement. The following details the state-court litigation and the current claims to provide context for Klinedinst's preclusion arguments.

In September 2022, Klinedinst sued the Edwardses in the Limited Actions Division of the District Court of Leavenworth County seeking an order terminating the lease and granting her possession of the property. Doc. 13 at ¶ II.4; Doc. 16 at ¶¶ I.3, I.5. The substance of her claim was governed by the Kansas Residential Landlord & Tenant Act, K.S.A. § 58-2501 *et seq*. Chapter 61 of the Kansas statutes governed the applicable procedure. The Edwardses raised three KRLTA-related counterclaims: unlawful entry in violation of K.S.A. § 58-2557, breach of duties under K.S.A. § 58-2553(a)(3) to the extent Klinedinst failed

---

[1] All document citations are to the document number and internal pagination assigned in the CM/ECF system.

to repair a faulty air conditioner, and retaliatory eviction in violation of K.S.A. § 58-2572(a) and (b). Doc. 9-1 at 19–20.

The state court largely rejected both parties' claims. In a written ruling, the state court denied Klinedinst's request for immediate possession and damages. Doc. 9-1 at 84–88. It also denied the Edwardses' counterclaim as to unlawful entry, finding that Klinedinst's August 2022 home inspection was lawful under K.S.A. § 58-2557 and was permissible under the terms of the lease since it was conducted in a reasonable manner and was the only inspection over the course of eighteen months. Doc. 9-1 at 89. The state court denied the Edwardses' claim for retaliatory eviction because it rejected Klinedinst's petition for immediate possession. *Id.* at 88. And the court rejected the Edwardses' breach of duties claim because the issues they identified with the air conditioner did not amount to municipal code violations or subject the Edwardses to "diminished services." *Id.* at 89.

The state court did, however, award the Edwardses some relief. Specifically, the state court awarded $334.75 for damages resulting from the home inspection and $650 for lost wages in preparing for possible eviction. Doc. 9-1 at 90. It also ordered that Klinedinst must provide "reasonable notice" of planned yard work at 408 Olive St. *Id.* at 89.

In April 2023, after the release of the state court judgment resolving their counterclaims and Klinedinst's suit, the Edwardses filed this federal suit against Klinedinst. The Edwardses asserted three claims under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, and two claims under 42 U.S.C. § 1981 for race discrimination and retaliation. Doc. 1 at 8, 10, 11, 13, & 15. Klinedinst filed an answer, Doc. 5, and, just over a month later, a motion for summary judgment on res judicata grounds. *See* Docs. 8 & 9. This matter was stayed pending resolution of Klinedinst's summary judgment motion. Doc. 10.

## II

Klinedinst has not shown she is entitled to summary judgment on res judicata grounds because K.S.A. § 61-3802 limits the preclusive effect of the prior state-court judgment. Accordingly, her motion, Doc. 8, is denied.

When the allegedly preclusive effect of a state-court decision is at issue, federal courts apply the preclusion law of the state court's state

in order to afford the state judgment full faith and credit. *Sierra Club v. Two Elk Generation Partners, Ltd. P'ship*, 646 F.3d 1258, 1264 (10th Cir. 2011); *see also McMurray v. Forsythe Fin., LLC*, No. 21-4014, 2023 WL 5938580, at *2 (10th Cir. Sept. 12, 2023); 28 U.S.C. § 1738. That means, as the parties agree, Kansas law informing the preclusive effect of a Kansas Limited Action applies here.

Generally speaking, four elements must be met before claim preclusion will bar a successive suit pursuant to Kansas law. Those elements are as follows: the claim or cause of action must be the same as that in a prior suit, the same parties must be involved, the claims in the successive litigation were or could have been raised in the prior suit, and the prior litigation reached a final judgment on the merits. *Herington v. City of Wichita*, 500 P.3d 1168, 1177 (Kan. 2021); *see also Cain v. Jacox*, 354 P.3d 1196, 1199 (Kan. 2015).[2] Any two suits that share the same cause of action are considered the same suit for res judicata purposes. *Herington*, 500 P.3d at 1178–80. And the cause of action is defined by the "factual circumstances of the controversy." *Id.* at 1180. In other words, when the same underlying evidence proves or disproves a claim, differences in the label or procedural aspects of the cause of action are irrelevant. *See, e.g., id.*; *State v. Bailey*, 510 P.3d 1160, 1165 (Kan. 2022); *In re Care & Treatment of Sporn*, 215 P.3d 615, 620 (Kan. 2009); *Winkel v. Miller*, 205 P.3d 688, 698 (Kan. 2009). But when the evidence needed to prove claims, and thus the factual circumstances germane to the claims, are different, the claims are not the same for res judicata purposes. *See, e.g., Jackson Trak Grp. By & Through Jackson Jordan, Inc. v. Mid States Port Auth.*, 751 P.2d 122, 129 (Kan. 1988); *Bogguess v. State*, 395 P.3d 447 (Kan. 2017).

There are also special statutory rules applicable to Limited Actions under K.S.A. § 61-2801 *et seq.* that affect the operation of res judicata. For example, K.S.A. § 61-2905 states that "upon timely application of the plaintiff and in the discretion of the court, a defendant may be required to plead any counterclaim which such party has against the plaintiff, if it arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." This parallels the general rule for compulsory

---

[2] Kansas treats res judicata as encompassing both issue preclusion and claim preclusion. *Herington*, 500 P.3d at 1177 (Kan. 2021). Claim preclusion is the only ground Klinedinst raises here.

counterclaims laid out in K.S.A. § 60-213, which K.S.A. § 61-2905(a)(2) notes "shall apply to proceedings … for limited actions." But in the Limited Actions context, if the plaintiff does not request application of the compulsory counterclaim rule or the court declines to grant the application, a defendant will not "be estopped from asserting in a subsequent action any claim which such defendant may have against the plaintiff." Kan. Stat. Ann. § 61-2905(a)(2); *see also Bank v. May*, 541 P.3d 103, *7 (Kan. Ct. App. 2024) (Table).

And those rules are modified even further insofar as they relate to eviction disputes. Kansas law provides that "[a] judgment in a lawsuit brought under K.S.A. 61-3801 through 61-3808, and amendments thereto, shall not be a bar to any subsequent lawsuit brought by either party for claims not included in such judgment." K.S.A. § 61-3802. Those specified statutes "govern lawsuits brought to evict a person from possession of real property or of an interest in real property." Kan. Stat. Ann. § 61-3801. That means there are two prerequisites to the operation of Section 61-3802: the previous action must have been governed by K.S.A. § 61-3801 through § 61-3808 and the later claims must not have been "included" in the prior "judgment."

As applied to the Edwardses, both conditions are satisfied. As a result, their claims are not barred by res judicata.

The previous claim was a claim governed by K.S.A. § 61-3801 through § 61-3808 because it was a Limited Action eviction proceeding. *Cf. Deng v. Hattrup*, 420 P.3d 502 (Kan. Ct. App. 2018) (Table); *Wesley Properties Mgmt., Inc. v. Hill*, 512 P.3d 1170 (Kan. Ct. App. 2022) (Table). While Klinedinst's petition did not clearly identify the statutory basis for her action, the remedies Klinedinst requested were "the payment of damages," an "Order terminating the lease and granting the Plaintiff possession as of the end of October, 2022," and "a Tacking Order allowing the Sheriff and/or other server to tack the Order of Immediate Possession, if there by any, to the door of the defendant's residence." Doc. 9-1 at 5. In other words, it was functionally an eviction proceeding subject to Article 38 of Chapter 61. That the previous proceeding followed the expedited procedure laid out in K.S.A. §§ 61-3803–61-3806 is further evidence that it was an eviction proceeding under Article 38. *See, e.g.*, Doc. 9-1 at 11–12 (complying with K.S.A. § 61-3805); *id.* at 16 (complying with K.S.A. § 61-3806).

Likewise, the Edwardses' FHA and Section 1981 claims were "not included in judgment." The state court issued a judgment in three

5

parts, addressing damages, immediate possession, and the Edwardses' landlord-tenant counterclaims separately. The court declined "to award damages" for violating any of the additional rules Klinedinst attempted to add to the lease using the 30-day notice to quit. Doc. 9-1 at 84–87. It denied the request for immediate possession, reasoning that neither K.S.A. § 58-2564 nor § 58-2564 provided grounds for immediate possession. *Id.* at 87–88. And it denied the Edwardses' counterclaims, reasoning that neither K.S.A. § 58-2563, nor § 58-2550, nor § 58-2571(b), nor § 58-2557 provided them grounds for their requested relief. *Id.* at 88–90. No part of the three-part judgment dealt with FHA or Section 1981 claims as no such claims were made.

Klinedinst's reliance on *Herington's* factual circumstances test is inapposite. As noted above, there are specific rules applicable to res judicata in the landlord-tenant realm that *Herington* does not purport to address. *Contra* Doc. 16 at 8–11. And her argument that the Edwardses' FHA and Section 1981 claims are compulsory counterclaims subject to K.S.A. § 61-2905 likewise misses the mark. *Contra* Doc. 16 at 12. The more specific rule in K.S.A § 61-3802 governs preclusion despite the fact that the predicate for Section 61-2905's operation is present here, *see* Doc. 9-1 at 11–12 (ordering the Edwardses to raise any counterclaims they have).

### III

For the foregoing reasons, Klinedinst's Motion for Summary Judgment, Doc. 8, is DENIED.

It is so ordered.

Date: July 22, 2024         s/ Toby Crouse
                            Toby Crouse
                            United States District Judge